OPINION
{¶ 1} In this consolidated appeal, defendant-appellant, David A. Winkler, Sr., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations. In case number 02AP-937, defendant appeals from a decision filed August 23, 2002, that lifted an automatic stay regarding the termination of the parties' shared parenting plan, designated plaintiff-appellee, Kristen L. Winkler, to be the residential parent and legal custodian of the parties' children, and granted parenting time to defendant pursuant to Loc.R. 27 of the Court of Common Pleas of Franklin County, Domestic Relations Division ("Loc.R. 27"). In case number 02AP-1267, defendant appeals from a judgment filed October 17, 2002, that overruled defendant's objections to a magistrate's decision, adopted the magistrate's decision, and entered judgment accordingly.
 {¶ 2} Plaintiff and defendant, divorced in December 1998, have two minor children. At the time of their divorce, the parties entered into a shared parenting plan that allocated parental rights and responsibilities concerning the children. Defendant remarried in August 1999; defendant and his spouse have one daughter who was born in 2000. At the time of the parties' litigation, plaintiff was engaged to be married, with a planned wedding date in April 2002.
 {¶ 3} On November 8, 1999, defendant filed a motion to reallocate parental rights and responsibilities; on December 6, 2000, defendant also filed a motion to modify child support. On November 10, 1999, plaintiff filed her own motion to reallocate parental rights and responsibilities and a contempt motion against defendant. Pursuant to local rule of court, the trial court's magistrate, on November 30, 1999, appointed Jeffry Turner to be guardian ad litem for the parties' minor children; Turner remained the children's guardian ad litem until May 2, 2002, when the trial court granted Turner leave to withdraw.
 {¶ 4} On January 18, 2001, both parties voluntarily dismissed without prejudice the separate motions to modify parental rights that were filed in November 1999, and plaintiff also voluntarily dismissed, without prejudice, her contempt motion against defendant, also filed in November 1999. However, later that same day, defendant filed another motion to reallocate parental rights and responsibilities. Subsequently, on January 31, 2001, plaintiff filed another motion for a reallocation of parental rights and responsibilities and a contempt motion against defendant.
 {¶ 5} Pursuant to an agreed magistrate's order filed January 22, 2001, both parties agreed to participate in directed family counseling with Dr. Jeff Sherrill, and the parties also agreed defendant would be designated the school placement parent, thus allowing the minor children to continue at the same school.
 {¶ 6} Beginning in July 2001 and ending in November 2001, the trial court, through a magistrate, heard testimony concerning defendant's motion to modify child support, the parties' separate motions to reallocate parental rights and responsibilities, and plaintiff's motion to find defendant in contempt. During the hearing, plaintiff was represented by counsel and defendant proceeded pro se.
 {¶ 7} Following the trial, on March 19, 2002, defendant filed a motion for stay and reconsideration and requested an oral hearing date of May 6, 2002, claiming subsequent intervening facts. On April 4, 2002, the magistrate issued a decision with findings of fact and conclusions of law that terminated the parties' shared parenting plan, designated plaintiff the residential parent and legal custodian of the minor children, and granted parenting time to defendant according to the model visitation/parenting time schedule in Loc.R. 27. Finding no error in the magistrate's decision, the trial court incorporated by reference the magistrate's decision and entered judgment on April 4, 2002. On April 15, 2002, defendant timely filed objections to the magistrate's decision.
 {¶ 8} On July 2, 2002, plaintiff moved the trial court for an interim order to partially lift the stay of proceedings and to designate plaintiff as the residential parent and legal custodian of the children. On August 23, 2002, having previously conducted an oral hearing, the trial court issued a decision that designated plaintiff the children's residential parent and legal custodian, lifted the automatic stay regarding the termination of the parties' shared parenting plan, and granted parenting time to defendant pursuant to Loc.R. 27. On August 26, 2002, in case number 02AP-937, defendant appealed from the trial court's August 23, 2002 decision.
 {¶ 9} Later, on October 17, 2002, the trial court entered a judgment that overruled defendant's objections to the magistrate's decision, adopted the magistrate's decision and entered judgment accordingly. On November 14, 2002, in case number 02AP-1267, defendant appealed from the trial court's October 17, 2002 judgment. On November 27, 2002, this court sua sponte consolidated the two appeals because both appeals involved similar parties and issues.
 {¶ 10} Defendant assigns the following errors and notes that assignments of error 15 through 18 apply to case number 02AP-937:
 {¶ 11} "Assignment of Error #1
 {¶ 12} "The Magistrate erred in `finding' that there was `no request for the Court to interview the minor children', and thereby failing to conduct an interview of the minor children of the parties. (p. 3 of Decision) when in fact Defendant's (Father's) motion contains such request on its face.
 {¶ 13} "Assignment of Error #2
 {¶ 14} "The Magistrate erred by improperly calculating the child support obligation as the calculation failed to deduct the exemption amount for Defendant's other child; failed to utilize the actual income received by Plaintiff; fails to impute income to Plaintiff by erroneously finding Plaintiff to be a full time college student and not voluntarily unemployed.
 {¶ 15} "Assignment of Error #3
 {¶ 16} "The Magistrate erred by failing to consider (or improperly considering) the factors of both R.C. 3109.04(F)(1)(a) through (j), and R.C. 3109.04(F)(2)(a) through (e), specifically failing to consider factors (a), (b), (e), (f), (I) and (j) of 3109.04(F)(1), and factor (c) of 3109.04(F)(2), which should have been considered based upon the evidence at trial.
 {¶ 17} "Assignment of Error #4
 {¶ 18} "The Magistrate erred in finding that the Plaintiff (Mother) is `appropriately involved with the children's schooling and medical needs'; and, that `one of the minor children was diagnosed with ADD', as there was credible evidence that Plaintiff (Mother) was not properly addressing one child's medical needs, and there was no evidence that the minor child, DJ, had ever in fact been `diagnosed' with ADD.
 {¶ 19} "Assignment of Error #5
 {¶ 20} "The Magistrate erred as a matter of law by failing to review the Shared Parenting Plan filed by Defendant on January 18, 2001.
 {¶ 21} "Assignment of Error #6
 {¶ 22} "The Magistrate erred in relying upon the report and recommendation of the Guardian Ad Litem.
 {¶ 23} "Assignment of Error #7
 {¶ 24} "The Magistrate erred in refusing to allow the Defendant (Father) to conduct cross-examination of the Guardian Ad Litem.
 {¶ 25} "Assignment of Error #8
 {¶ 26} "The Magistrate erred by failing to `ensure the opportunity for both parents to have frequent and continuing contact' with the children, as there was no finding that frequent and continuing contact would be contrary to the best interests of the minor children.
 {¶ 27} "Assignment of Error #9
 {¶ 28} "The Magistrate erred as to admission or exclusion of evidence and/or exhibits, by specifically allowing opinion testimony by the Guardian as to the nature of the recorded conversations between Plaintiff and Defendant on the CD's/Tapes; by failing to admit the CD's/Tapes and thereby failing to consider them; by excluding Defendant's Exhibit C (class schedule comparison with parenting time), Q T (recapitulation of Plaintiff's income based upon Plaintiff's records); by admitting Guardian's Exhibit #1 (Letter Report of Dr. Sherrill).
 {¶ 29} "Assignment of Error #10
 {¶ 30} "The Magistrate erred by allowing Plaintiff's counsel to cross examine Defendant by the use of hypothetical questions (based upon inadmissable [sic] facts and/or hearsay testimony) and ordering Defendant to answer questions as hypothetical, which served only to assist Plaintiff's counsel in improper impeachment of Defendant, and in violation of Rules 701 and 703 of the Ohio Rules of Evidence.
 {¶ 31} "Assignment of Error #11
 {¶ 32} "The Magistrate erred in allowing expert opinion testimony on the ultimate issue from Dr. Sherrill, as his testimony was not based upon sufficient facts or data, was not the product of reliable principles and methods, and, this witness did not apply the principles and methods reliably to the facts of this case, in violation of Rule 702 of the Ohio Rules of Evidence.
 {¶ 33} "Assignment of Error #12
 {¶ 34} "The court erred by failing to instruct the Defendant (Father) as to his right to `proffer' evidence that was excluded, including, but not limited to witness depositions, exhibits and cross examination testimony from the Guardian ad Litem; by allowing extensive patent hearsay testimony to be elicited by Plaintiff's counsel; by allowing Plaintiff's counsel to `badger' the Defendant and overruling Defendant's objections as to questions that were `asked and answered'; and, by allowing Plaintiff to present her case in chief prior to Defendant, where Defendant was the moving party, thereby giving Plaintiff a substantial and unfair procedural advantage.
 {¶ 35} "Assignment of Error #13
 {¶ 36} "The Magistrate erred by failing to consider new critical evidence occurring after the conclusion of trial and prior to the issuance of her Decision, which was presented by Defendant in his `Request to Stay and for Reconsideration' filed on March 19, 2002, which evidence concerned the employment and income of both parties, and the Plaintiff's (Mother's) relocation out of Franklin County, Ohio.
 {¶ 37} "Assignment of Error #14
 {¶ 38} "The Trial Court failed to conduct the requisite de novo review of Defendant's Objections, failing to respond in any specificity to even one of Defendant's specified objections.
 {¶ 39} "Assignment of Error #15
 {¶ 40} "Trial Court erred in lifting the automatic stay as to school placement parent and designating Plaintiff-Appellee sole residential parent and legal custodian. Trial Court's decision was against the manifest weight of the evidence, and contrary to the specific findings of the Magistrate and the recommendation of the Guardian Ad Litem.
 {¶ 41} "Assignment of Error #16
 {¶ 42} "Trial court erred because Plaintiff-Appellee failed to meet her burden of demonstrating that such immediate relief was justified, since she had moved in February, 2002 to Delaware County; the children continued to attend school at Wyandot through the first week of June; the parties continued under the shared parenting plan 2002; and, the Defendant produced evidence that the children were enrolled at Wyandot Elementary.
 {¶ 43} "Assignment of Error #17
 {¶ 44} "Trial Court erred in lifting the automatic stay and imposing Local Rule 27 `visitation' upon Defendant-Appellant, as the same was not before the court on any motion, thereby denying Defendant his rights of due process, including notice and opportunity to be heard.
 {¶ 45} "Assignment of Error #18
 {¶ 46} "Trial court erred by failing to issue specific Findings of Fact and Conclusions of Law after specific request was made onthe record by Defendant's counsel."
 {¶ 47} Before addressing defendant's assignments of error, we first must determine whether the journal entries from which defendant appeals are final appealable orders. See Mogavero v. Lombardo (Sept. 25, 2001), Franklin App. No. 01AP-98 ("[i]f a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter * * * and the matter must be dismissed"). In case No. 02AP-937, defendant appeals from an August 23, 2002 decision and entry that considered plaintiff's motion for an interim order; the decision and entry contained stamped language from the clerk of courts indicating a Civ.R. 58 notice of a final appealable order had been sent to the parties. See, also, Civ.R. 53(E)(4)(c) (permanent and interim orders).
 {¶ 48} "An interim order is, by definition, not a final appealable order. * * * Interim orders expire automatically after twenty-eight days, unless they are extended by one, additional twenty-eight-day period for good cause shown. * * * Interim orders cannot qualify as final appealable orders pursuant to the definition of final orders contained in R.C. 2505.02, since they do not `prevent a judgment.'" LeFever v. Cornnuts, Inc. (Jan. 22, 1999), Champaign App. No. 98-CA-23. The trial court's August 23, 2002 decision and entry, although not captioned an interim order, considered plaintiff's motion for an interim order. See, also, August 15, 2002 Tr. 24 (trial court orally granting motion for interim order). Further, the August 23, 2002 decision and entry was extended by the trial court in a September 17, 2002 decision and judgment entry. Because the August 23, 2002 decision and entry did not in effect determine the action and prevent a judgment, it is not a final appealable order pursuant to R.C. 2505.02(B)(1).
 {¶ 49} Nevertheless, to the extent that issues contained in the interim order are addressed in the trial court's judgment of October 17, 2002 that overruled defendant's objections to the magistrate's decision, this court has jurisdiction to consider those issues and assignments of error under an abuse of discretion standard. Accordingly, the issues under appeal in case Nos. 02AP-937 and 02AP-1267, to the extent they are incorporated into the trial court's judgment of October 17, 2002 are properly before this court.
 {¶ 50} Defendant's first assignment of error asserts the trial court erred both in finding defendant did not request the trial court to interview the minor children, and in failing to interview the minor children.
 {¶ 51} Under R.C. 3109.04(B)(1), a trial court in allocating parental rights and responsibilities "shall take into account that which would be in the best interest of the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation."
 {¶ 52} In his motion to reallocate parental rights and responsibilities filed January 18, 2001, defendant moved "for an Order that this court interview the subject minor children pursuant to3109.04(B)(1)[.]" At trial, however, defendant failed to call attention to his earlier request to have the trial court interview the minor children. As stated in Scade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 210,"The fundamental rule is that an appellate court will not consider an error which could have been brought to the trial court's attention, and hence have avoided or otherwise corrected." See, also, State v. Peagler (1996), 76 Ohio St.3d 496, 499. Because defendant failed to call the trial court's attention to its failure to interview the minor children at a time when the trial court could have corrected the error, defendant waived the issue for purposes of appeal. Defendant's first assignment of error is overruled.
 {¶ 53} Defendant's second assignment of error initially asserts the trial court improperly calculated defendant's child support obligations because it failed to deduct the exemption amount for defendant's child in his remarriage.
 {¶ 54} "It is well established that a trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144. See, also, Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219 (noting an abuse of discretion implies a court's attitude is unreasonable, arbitrary or unconscionable and connotes more than an error of law or judgment).
 {¶ 55} R.C. 3119.05(C), effective after the motions at issue were filed, but identical in language to the relevant sections of the former statute, is dispositive of defendant's contentions. Under R.C. 3119.05(C), "[i]f other minor children who were born to the parent and a person other than the other parent who is involved in the immediate child support determination live with the parent, the court or agency shall deduct an amount from that parent's gross income that equals the number of such minor children times the federal income tax exemption for such children less child support received for them for the year, not exceeding the federal income tax exemption." Plaintiff concedes the trial court's child support calculations failed to include defendant's daughter from his remarriage as an exemption in calculating child support.
 {¶ 56} Defendant's second assignment of error further contends the trial court erroneously failed (1) to impute income to plaintiff, instead finding plaintiff was a full-time college student and not voluntarily unemployed, and (2) to use in its calculations actual income plaintiff received.
 {¶ 57} In Rock v. Cabral (1993), 67 Ohio St.3d 108, syllabus, the Ohio Supreme Court held that "[w]hether a parent is `voluntarily underemployed' within the meaning of [former] R.C. 3113.215(A)(5), and the amount of `potential income' to be imputed to a child support obligor, are matters to be determined by the trial court based upon the facts and circumstances of each case. The determination will not be disturbed on appeal absent an abuse of discretion." See, also, Id. at 111 ("The parent's subjective motivations for being voluntarily unemployed or underemployed play no part in the determination whether potential income is to be imputed to that parent in calculating his or her support obligation"). (Footnote omitted.) (Emphasis sic.)
 {¶ 58} Here, the trial court found defendant interfered with plaintiff's former employers. Additionally, at trial, plaintiff testified defendant's interference was a factor in plaintiff's decision to return to school. Because defendant's own actions prompted plaintiff to cease working and return to school, the trial court reasonably could conclude plaintiff was not voluntarily underemployed.
 {¶ 59} As to defendant's contention that the trial court failed to use actual income plaintiff received in its calculations of child support, R.C. 3119.01(C)(7)(e), consistent with the prior version of the statute in effect when the parties filed the motions at issue, provides that "gross income" does not include nonrecurring or unsustainable income or cash flow items. Under R.C. 3119.01(C)(8), which also is consistent with the prior version of the statute in effect at the time the motions at issue were filed, "`[n]onrecurring or unsustainable income or cash flow item' means an income or cash flow item the parent receives in any year or for any number of years not to exceed three years that the parent does not expect to continue to receive on a regular basis. `Nonrecurring or unsustainable income or cash flow item' does not include a lottery prize award that is not paid in a lump sum or any other item of income or cash flow that the parent receives or expects to receive for each year for a period of more than three years or that the parent receives and invests or otherwise uses to produce income or cash flow for a period of more than three years."
 {¶ 60} Plaintiff attended college from January 2000 with an anticipated graduation date of December 7, 2001. During that time, plaintiff was supported by financial contributions from her parents, funds from an automobile accident settlement, child support from defendant, some financial assistance from her fiancé, and savings. Nothing in the evidence suggests any source of income plaintiff listed has existed for three years or more, or that plaintiff expects it to continue on a regular basis. Accordingly, the trial court did not act unreasonably, arbitrarily or unconscionably in finding plaintiff did not have income for purposes of child support calculations. Defendant's second assignment of error is sustained in that the trial court's child support calculations failed to include defendant's minor child by his subsequent marriage as an exemption, but is overruled in all other respects.
 {¶ 61} Defendant's third assignment of error asserts the trial court in allocating parental rights and responsibilities either failed to consider or, in some instances, improperly considered, factors contained in R.C. 3109.04(F)(1) and (F)(2), both of which were amended subsequent to the parties' filing the motions at issue, but substantively remain the same.
 {¶ 62} In Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418, the Ohio Supreme Court observed that "custody issues are some of the most difficult and agonizing decisions a trial judge must make. Therefore, a trial judge must have wide latitude in considering all of the evidence before him or her * * * and such a decision must not be reversed absent an abuse of discretion."
 {¶ 63} The trial court reviewed the factors contained in R.C.3109.04(F)(1), and a substantial amount of credible and competent evidence supports the trial court's findings. Moreover, the trial court appropriately addressed the factors under R.C. 3109.04(F)(2). As noted in the magistrate's decision, "although the Magistrate has not specifically gone through and listed each factor contained in R.C. 3109.04(F)(2), the Court notes that: Mother and Father do not have the ability to cooperate and make decisions jointly regarding their children * * * both parents somewhat lack the ability to encourage contact, love and affection between the children and the other parent; and the report of the GAL [guardian ad litem] all indicate that Shared Parenting is not in the best interest of the Winkler children and the Plan should be terminated pursuant to R.C. 3109.04(E)(2)(c)." (Magistrate's Decision filed April 4, 2002, 5.) Again, a substantial amount of competent and credible evidence supports the trial court's findings that shared parenting is not appropriate. Defendant's third assignment of error is overruled.
 {¶ 64} Defendant's fourth assignment of error asserts the trial court erred not only in finding plaintiff appropriately was involved with the children's schooling and medical needs, but also in finding the parties' older son was diagnosed with attention deficit disorder. In essence, defendant's fourth assignment of error resolves to a contention the trial court's findings are against the manifest weight of the evidence.
 {¶ 65} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. Furthermore, "an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 66} Some competent, credible evidence supports the trial court's findings that plaintiff involved herself with the children's schooling and medical needs. See Tr. Vol. V, 290-297 (plaintiff's involvement in children's medical treatment); Tr. Vol. VI, 68-71 (plaintiff's involvement in son's academic individualized education plan). Moreover, although the record contains no evidence of the older son's formal diagnosis of attention deficit disorder, some competent, credible evidence supports the trial court's finding the older son has attention deficit disorder. See Tr. Vol. V, 290-297 (evaluation of the older son by pediatrician prior to implementation of medication therapy for attention deficit disorder). In addition, evidence in the record supports a view that school professionals identified organizational deficits in the older son's academic performance. See Tr. Vol. II, 180-181 (teacher's understanding of why older son had individualized education plan). Because the trial court's findings are supported by competent and credible evidence, defendant's fourth assignment of error is overruled.
 {¶ 67} Defendant's fifth assignment of error asserts the trial court erred as a matter of law in failing to review defendant's proposed shared parenting plan pursuant to R.C. 3109.04(D)(1)(a)(iii).
 {¶ 68} R.C. 3109.04(D)(1)(a)(iii), substantively unaffected by amendments subsequent to the parties' motions, provides that "if only one parent makes a request in the parent's pleadings or files a motion and also files a plan, the court in the best interest of the children may order the other parent to file a plan for shared parenting in accordance with division (G) of this section. The court shall review each plan filed to determine if any plan is in the best interest of the children. * * * If the court determines that no filed plan is in the best interest of the children, the court may order each parent to submit appropriate changes to the parent's plan or both of the filed plans to meet the court's objections or may select one filed plan and order each parent to submit appropriate changes to the selected plan to meet the court's objections."
 {¶ 69} Here, the trial court found the parties unable to cooperate and jointly make decisions concerning their children and, thus, a shared parenting plan was not in the children's best interest. Given the trial court's finding that a shared parenting plan was not in the children's best interest, the trial court's explicit review of defendant's proposed shared parenting plan would have been futile. Under the circumstances, the trial court substantially complied with R.C. 3109.04(D)(1)(a)(iii). See Bruggeman v. Bruggeman (Nov. 22, 2000), Montgomery App. No. 18084; Hall v. Hall (May 29, 1997), Union App. No. 14-97-03. Defendant's fifth assignment of error is overruled.
 {¶ 70} Defendant's sixth assignment of error asserts the trial court erred in relying on the report and recommendation of the guardian ad litem because, according to defendant, the guardian ad litem failed adequately to discharge his duties.
 {¶ 71} Loc.R. 15 of the Court of Common Pleas of Franklin County, Domestic Relations Division, provides that "[u]pon appointment, the Attorney/Guardian ad Litem in every case shall perform certain basic duties, identified below. The feasibility of some of the duties will depend upon the age(s) of the children and the specific circumstances of each case. Therefore, it is within the discretion of the Guardian ad Litem to tailor each to the facts of the individual case." The enumerated duties include interviewing the children and observing each parent with the children, reviewing pleadings and consulting with attorneys, investigating and interviewing all significant persons, obtaining relevant records, performing home visits, evaluating the need for psychological evaluations or counseling, communicating with protective services worker, and attending all depositions concerning the best interest of the children.
 {¶ 72} Here, the guardian ad litem interviewed both parties, made home visits of each home, met with the parties' older son, attended depositions, was involved in negotiations, corresponded with Dr. Sherrill, and attended court hearings. Although defendant identifies areas of disagreement with the guardian ad litem's discharge of his duties, the guardian ad litem did not abuse the discretion given to him pursuant to Loc.R. 15.
 {¶ 73} Defendant's sixth assignment of error further contends plaintiff's cross-examination of defendant concerning defendant's participation in a religious convention violated Evid.R. 610, which provides that "[e]vidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature his credibility is impaired or enhanced." Plaintiff did not inquire about defendant's religious beliefs or opinions to show defendant's credibility is impaired. Rather, the testimony was elicited as background for plaintiff's inquiry into defendant's alleged request to change companionship times when defendant attended the religious convention. Defendant's sixth assignment of error is overruled.
 {¶ 74} Defendant's seventh assignment of error asserts the trial court, through the magistrate, erred by refusing to allow defendant to cross-examine the guardian ad litem.
 {¶ 75} Following the guardian ad litem's testimony, defendant declined to cross-examine the guardian ad litem after the trial court provided defendant with the opportunity to do so. Defendant's claim that the trial court's magistrate erred in refusing to allow defendant to cross-examine the guardian ad litem is not supported in the record. Defendant's seventh assignment of error is overruled.
 {¶ 76} Defendant's eighth assignment of error asserts the trial court erred by not allowing defendant sufficient, frequent and continuing contact with the parties' minor children.
 {¶ 77} The trial court noted, "[t]he Court * * * believes that although the parties have completely different parenting styles (which attributes to the majority of their conflict) the children benefit from having a significant on-going relationship with both parents and their respective styles." (Magistrate's Decision filed April 4, 2002, 5.) Nevertheless, the trial court also noted that "[t]he problems that have arisen surround Father and stepmother's aversion to accommodating * * * changes" and "[s]uffice to say, this Magistrate has never seen so much conflict between parents in such a short amount of time." Id. at 4. As a consequence, the trial court granted parenting time to defendant pursuant to Loc.R. 27. We cannot say the trial court's assessment of the parties' conflict, and its resulting determination to grant parenting time to defendant pursuant to Loc.R. 27, is unreasonable. The parties' conflict adversely impacts the children, and the trial court properly could devise a visitation schedule that seeks to minimize the children's exposure to the conflict. Defendant's eighth assignment of error is overruled.
 {¶ 78} Defendant's ninth assignment of error asserts the trial court erred in its admission and exclusion of evidence. Specifically, defendant contends the trial court erred in allowing the guardian ad litem's opinion testimony concerning recorded conversations between plaintiff and defendant as contained on an audiotape, in failing to admit compact discs ("CDs") and tapes, in excluding some of defendant's exhibits, and in admitting one of the guardian ad litem's exhibits, a letter from Dr. Jeff Sherrill.
 {¶ 79} "A trial court has broad discretion in determining whether to admit or exclude evidence. Absent an abuse of discretion that materially prejudices a party, the trial court's decision will stand." Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66. See, also, State v. Joseph (1995), 73 Ohio St.3d 450, 460, certiorari denied (1996),516 U.S. 1178, 116 S.Ct. 1277. Accordingly, we review the trial court's evidentiary rulings under an abuse of discretion standard.
 {¶ 80} At trial, plaintiff objected to defendant's attempt to admit into evidence CDs defendant prepared, which contained audiotaped telephone conversations between defendant and plaintiff. Defendant initially recorded the conversations by placing a hand-held microcassette recorder near a speakerphone. Later, defendant transferred the audiotaped recordings to CDs for ease of use and cataloging. At trial, plaintiff objected that during discovery defendant had not produced all the CDs and the audiotapes, and that defendant had not laid an appropriate foundation. The magistrate ordered defendant to produce the CDs and tapes for plaintiff's review and to identify the portions defendant anticipated using during the trial. After reviewing the CDs and tapes, plaintiff contended that some of the exhibits were incomplete or inaudible, and that some of the tapes did not correspond to the CDs. Ultimately the magistrate determined the CDs or tapes could be used for impeachment purposes, but each tape or recording would need to be properly authenticated and identified each time a party attempted to introduce a tape or recording into evidence. The magistrate's approach to the evidentiary problem was reasonable, and it sought to ensure that both parties had the opportunity to review the evidence, and that any evidence to be admitted was authenticated. Because neither requirement is an abuse of discretion, defendant's contention the trial court erred by failing to admit the CDs and tapes is not persuasive.
 {¶ 81} Defendant's contention the trial court erred in allowing the guardian ad litem, during cross-examination of defendant, to reference a telephone conversation between defendant and plaintiff also is unpersuasive. Earlier in the proceedings, plaintiff's counsel, without objection, used the tape-recorded conversation during cross-examination of defendant. Defendant does not explain why the matter was relevant at one point in the trial and not at the other. Moreover, to the extent defendant objects in this appeal to the form of the guardian ad litem's question that referenced the tape-recorded conversation, defendant failed to object during the proceeding and therefore waived this issue for purposes of appeal. See Goldfuss v. Davidson (1997), 79 Ohio St.3d 116,121 (noting that, absent plain error, failure to advise trial court of possible error results in waiver of issue for purposes of appeal).
 {¶ 82} Also unavailing is defendant's contention the trial court erred in denying defendant's request to admit plaintiff's deposition into evidence. Civ.R. 32(A) requires that "[e]very deposition intended to be presented as evidence must be filed at least one day before the day of trial or hearing unless for good cause shown the court permits a later filing." Because defendant failed to file plaintiff's deposition in compliance with Civ.R. 32(A) and further did not show good cause for his failure, the trial court did not abuse its discretion by denying defendant's request to admit plaintiff's deposition into evidence. See, e.g., Murphy v. Dept. of Rehab. Corr., Franklin App. No. 02AP-132, 2002-Ohio-5170, at ¶ 40, appeal not allowed (2003),98 Ohio St.3d 1478, 2003-Ohio-974.
 {¶ 83} Defendant's contention the trial court erred in failing to admit into evidence defendant's compilation of plaintiff's class schedule and recapitulation of plaintiff's income lacks merit because defendant suffered no prejudice. After reviewing defendant's compilation of plaintiff's class schedule, the magistrate found defendant's exhibit was to be "treated, in my mind [in] the same way you would use a black board to try to talk to a witness. So, as far as what was testified about, this is in evidence through the witnesses. But this is, as it stands, not an exhibit." (Tr. Vol. VII, 264.) Defendant, however, testified to the information contained in the compilations. As a result, the compilations merely are cumulative evidence whose exclusion did not prejudice defendant.
 {¶ 84} Similarly unavailing is defendant's contention the trial court erred in failing to admit defendant's recapitulation of plaintiff's income and calendar. As the magistrate noted, "I think I indicated even at the time of trial that that document would not be admitted into evidence and that's why you went down and we went through the check register and we took care of this that way. So that's not going to be admitted into evidence. So that's something you prepared, once again, like using a chalk board or another demonstrative item. T, that's a calendar that was testified to. This also isn't necessarily evidence in and of itself. I understand that's something that you prepared after looking at the other exhibit regarding the prescriptions. * * * So other than what it was testified to, this isn't evidence in and of itself. So it's basically the same ruling on all of those." (Tr. Vol. VII, 268-269.) Because, as with the schedule compilations, defendant testified to the information contained in his income recapitulation, the magistrate's ruling did not prejudice defendant.
 {¶ 85} Defendant further contends the trial court erred in admitting one of the guardian ad litem's exhibits, a letter from Dr. Jeff Sherrill. Defendant, however, failed to object at trial and therefore defendant waived the issue for purposes of appeal. See Goldfuss at 121.
 {¶ 86} Finally, defendant's contention the trial court almost uniformly overruled his objections is not well-taken because defendant failed to identify specific portions of the record to support his contention. See App.R. 16(D). Defendant's ninth assignment of error is overruled.
 {¶ 87} Defendant's tenth assignment of error asserts the trial court improperly allowed cross-examination through use of hypothetical questions.
 {¶ 88} "Error in the admission of evidence is not grounds for reversal unless substantial rights of the complaining party were affected or it appears that substantial justice was not done. * * * In determining whether a substantial right of the party has been affected, a reviewing court must decide whether the trier of fact would have probably reached the same conclusion had the error not occurred." Kish v. Withers (1997),123 Ohio App.3d 132, 136. See, also, Cincinnati v. Banks (2001),143 Ohio App.3d 272, 290, dismissed, appeal not allowed,92 Ohio St.3d 1413.
 {¶ 89} Even if we assume the magistrate improperly allowed hypothetical questioning, the record does not demonstrate prejudice, as the trial court probably would have reached the same conclusion concerning the allocation of parental rights and responsibilities based on other evidence contained in the record. Nor does the record support defendant's contention the trial court failed to grant latitude to defendant in his presentation of his case. In the absence of prejudice, defendant's tenth assignment of error is overruled.
 {¶ 90} Defendant's eleventh assignment of error contends the trial court erred in allowing the opinion testimony of Dr. Sherrill. Defendant did not object to the certification of Dr. Sherrill as an expert, to the basis of Dr. Sherrill's opinion that it was in the best interest of defendant's older son to take medication for treatment of ADD, or to Dr. Sherrill's opinion with respect to the division of parenting time. Moreover, the error defendant alleges fails to rise to the level of plain error. Specifically, nothing in the record suggests the trial court improperly considered Dr. Sherrill an expert; the testimony regarding the older son's medication was not determinative of the larger issue before the trial court; and the testimony about division of parenting time was cumulative of other evidence before the trial court. Absent plain error, defendant's failure to object resulted in waiver of the issue contained in his eleventh assignment of error for purposes of appeal. See Goldfuss at 121("In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings"). Defendant's eleventh assignment of error is overruled.
 {¶ 91} Defendant's twelfth assignment of error asserts the trial court erred by failing to instruct defendant about his right to proffer evidence, in allowing the presentation of witnesses out of order, in allowing the admission of certain testimony, and in allowing plaintiff to badger defendant.
 {¶ 92} Defendant's contention the trial court erred in failing to instruct defendant about a right to proffer evidence is unpersuasive because pro se litigants are not accorded greater rights related to correct legal procedure. See CAT-Rental Store v. Sparto (Feb. 19, 2002), Clinton App. No. CA2001-08-024 ("Pro se litigants are bound by the same rules and procedures as litigants with retained counsel. * * * They are not to be accorded greater rights and are bound to accept the results of their own mistakes and errors, including those related to correct legal procedure"). See, also, Hart v. Columbus Dispatch/Dispatch Printing Co., Franklin App. No. 02AP-506, 2002-Ohio-6963, at ¶ 21.
 {¶ 93} Also unpersuasive is defendant's contention the trial court erred in allowing witnesses to be presented out of order. As observed in Mason v. Swartz (1991), 76 Ohio App.3d 43, 54, "[a] trial court has the discretionary authority to control the mode and order of proof." See, also, Cities Service Oil Co. v. Burkett (1964), 176 Ohio St. 449, paragraph two of the syllabus ("[g]enerally, the order in which evidence shall be produced on the trial of an action lies within the sound discretion of the court, and, unless such discretion is patently abused, no reversible error occurs"); Evid.R. 611(A). Defendant does not explain how the magistrate's actions here amount to a patent abuse of discretion or how he was prejudiced by the order of the witnesses.
 {¶ 94} Moreover, defendant's contentions that the trial court allowed patent hearsay testimony and allowed plaintiff to badger defendant are not well-taken as defendant failed to identify specific portions of the record to support his contention. See App.R. 16(D). Defendant's twelfth assignment of error is overruled.
 {¶ 95} Defendant's thirteenth assignment of error asserts the trial court erred in failing to stay its decision following defendant's filing a motion for a stay and reconsideration on March 19, 2002, which included a request for an oral hearing.
 {¶ 96} Defendant's motion did not request an accelerated oral hearing date, but instead defendant requested a hearing on May 6, 2002. His case, however, had been before the trial court since January 2001, and trial had concluded in November 2001. Given the amount of time defendant had to prepare and present his case, we are reluctant to say the trial court was required to stay its decision in order to allow defendant to present yet more evidence, especially when defendant did not schedule an immediate hearing on his motion. Moreover, because the trial court had not yet issued a decision, defendant's motion for reconsideration was premature. Defendant's thirteenth assignment of error is overruled.
 {¶ 97} Defendant's fourteenth assignment of error asserts the trial court failed to conduct a de novo review of defendant's objections to the magistrate's decision.
 {¶ 98} Civ.R. 53(E)(4)(b) requires a trial court to rule on any objections to a magistrate's decision that may be filed. See, also, AAA Pipe Cleaning Corp. v. Arrow Uniform Rental, Inc. (July 22, 1999), Cuyahoga App. No. 74215 ("[w]hen faced with objections to a magistrate's decision, the court must undertake a de novo review of any recommendations by a magistrate").
 {¶ 99} Contrary to defendant's contentions, the trial court's decision and entry note that it conducted a "thorough review" of the transcripts of the trial. (Decision and Entry filed October 17, 2002, 4.) Further, the court's judgment cited numerous transcript references in support of its judgment. Defendant's contention the trial court failed to independently review the magistrate's decision is not persuasive. Defendant's fourteenth assignment of error is overruled.
 {¶ 100} Defendant's fifteenth, sixteenth, seventeenth and eighteenth assignments of error concern the trial court's interim judgment. A final appealable judgment has been rendered encompassing all the issues addressed in the interim orders. The subject of those assignments of error therefore is moot.
 {¶ 101} Accordingly, having sustained defendant's second assignment of error to the extent the trial court erred in not considering defendant's minor child as an exemption in calculating child support, but having overruled the remainder of the second assignment of error, having overruled defendant's first assignment of error and his third through fourteenth assignments of error, rendering moot his fifteenth through eighteenth assignments of error, we affirm in part and reverse in part the trial court's judgment and remand this matter to the trial court for re-calculation of defendant's child support obligation.
Judgment affirmed in part and reversed in part; case remanded.
TYACK and LAZARUS, JJ., concur.